**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**DIXIE OHIO EXPRESS COMPANY, Respondent.**

No. 18486.

United States Court of Appeals
Sixth Circuit.

April 10, 1969.

Nancy Sherman, N. L. R. B., Washington, D. C., for petitioner; Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Lawrence M. Joseph, Richard Adelman, Attys., N. L. R. B., Washington, D. C., on brief.

William F. Ford, Atlanta, Ga., for respondent; Fisher & Phillips, Atlanta, Ga., on briefs.

Before WEICK, Chief Judge, O'SULLIVAN, Circuit Judge, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

The National Labor Relations Board seeks enforcement of its order of September 26, 1967, whereby it found respondent Dixie Ohio Express Company guilty of unfair labor practices. Its decision and order and its trial examiner's decision which was reversed by the Board are reported as Dixie Ohio Express Company, 167 NLRB No. 72. We deny enforcement.

Dixie operated a freight terminal in Nashville, Tennessee, which employed 44 members of Teamsters, Chauffeurs, Helpers and Taxicab Drivers, Local Union 327. On or about July 30, 1965, the company advised the union that it intended to streamline the procedure of loading and unloading merchandise at

its terminal which would result in some layoffs. On August 17 this change was implemented, and 15 of the 44 employees were given layoff notices. The union's complaint appears to have been that the company failed to negotiate with it over the planned revision of its loading and unloading operation, claiming in its charge to the NLRB that such failure violated § 8(a) (5) and (1) of the Act, 29 U.S.C. § 158(a) (5) and (1). The union did not charge that the fulfillment of the company's plan violated either the company-union contract or the National Labor Relations Act. On September 2, 1965, the union agreed to the implementation of the plan. The trial examiner found no violation and recommended that the Board dismiss the complaint. The Board, Member Jenkins dissenting, found violations of § 8(a) (5) and (1) and ordered the company to make whole the laid-off employees for any loss of earnings from August 17 to September 2, 1965.

It is the conclusion of the panel to deny enforcement of the Board's order. The company's actions constituted merely a change in ordinary day-to-day operating procedures, and cannot be characterized as directly involving "wages, hours, and other terms and conditions of employment" which are mandatory bargaining subjects under §§ 8(a) (5) and (8) (d) of the Act.

Petitioner relies on Fibreboard Paper Products Corp. v. NLRB, 379 U.S. 203, 85 S.Ct. 398, 13 L.Ed.2d 233 (1964), but we do not read that case as requiring a company to bargain collectively regarding the type of conduct involved herein. Mr. Justice Stewart in his concurrence in *Fibreboard* stated that, "The Court most assuredly does not decide that every managerial decision which necessarily terminates an individual's employment is subject to the duty to bargain." 379 U.S. at 218, 85 S.Ct. at 407.

A more analogous case to the one at bar is NLRB v. Adams Dairy, Inc., 322 F.2d 533 (8th Cir. 1963), which held that the company's decision to terminate a phase of its operations and distribute its products through independent contractors was not a required subject of collective bargaining. The Supreme Court remanded the case, 379 U.S. 644, 85 S.Ct. 398 (1965), for reconsideration in light of *Fibreboard, supra*, but on remand the Eighth Circuit reentered its previous order, concluding that "Adams Dairy is so factually distinguishable from Fibreboard as to take Adams Dairy outside the orbit of the Fibreboard holdings." 350 F.2d 108, 109 (1965), cert. denied, 382 U.S. 1011 (1966). The Court determined that to require Adams to bargain about its partial liquidation "where there was no anti-union animus" and the company exercised "what it considered to be good judgment" would "significantly abridge its freedom to manage its own affairs." 350 F.2d at 111. Should the Board's opinion contain any factual finding inconsistent with our conclusion, such a finding is not supported by substantial evidence on the record considered as a whole. 29 U.S.C. § 160 (e); Universal Camera Corp. v. N.L. R.B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

Enforcement is denied.